PENNIMAN *against* MEIGS.

NEW YORK,
Oct. 1812.

**'THIS** was an action of *assumpsit,* brought on a promissory note given in the state of *Connecticut.* The plaintiff formerly resided in *Albany;* but, a short time before the note was given, removed to the state of *Rhode Island,* where he has since resided.

The defendant, after giving the note, obtained his discharge, on the 12th of *November,* 1811, under the insolvent act of this state. The plaintiff did not assent to the proceedings, nor has he received any dividend of the defendant's estate.

A verdict was found for the plaintiff, subject to the opinion of the court, on the above case. And it was agreed, that if the court should be of opinion that the discharge of the defendant defeated the plaintiff's right of recovery, a new trial should be granted, with costs to abide the event of the suit.

A discharge under the insolvent act of this state is a bar to all suits brought in *this state,* upon antecedent contracts wherever made.

*Per Curiam.* There can be no doubt but that we are bound to consider a discharge under the insolvent act of *this state,* as a bar to all suits brought *here* upon antecedent contracts, wherever made. The statute is peremptory and binding on our courts. We cannot afford the party any other or further remedy than what our laws have prescribed. It was for the wisdom of the legislature to say whether foreign contracts should be exempted from the operation of our insolvent act, but they have not made any such exception. A new trial is, therefore, granted, with costs to abide the event of the suit.

New trial granted.