GODFREY PATTISON & CO. *vs.* OLIVER C. WILBUR.

The only notice to creditors required to be given by a bankrupt before applying for his dis-
charge, is the one prescribed by section 29 of the U. S. Bankrupt Act; and where it ap-
pears that such notice was properly given, the court will sustain the validity of a dis-
charge, without inquiring whether the notice required by section 11 of the act to be
given by the bankrupt to his creditors to come in and prove their claims, was properly
given or not.

Such a discharge, after the notice prescribed by said section 29 has been properly given, is
a bar to the claim of a foreign creditor who has brought a suit and obtained judgment in
one of the courts of the United States.

ACTION OF DEBT in which the plaintiffs sought to recover of the
defendant a sum of money which they alleged to be due them by
a judgment of this court for $8,191.85 and costs, rendered on
the twenty-fifth day of September, A. D. 1860. The defendant
pleaded a discharge in bankruptcy, granted to him by the District
Court for the District of Rhode Island, on the twenty-seventh,
day of May, A. D. 1868, before the commencement of this action.
The plaintiffs replied that the defendant did not annex to his
petition in bankruptcy, upon which said discharge was rendered,
a statement containing the place of residence of the plaintiffs,
nor any statement that such place of residence was unknown to
him, but that he did set forth in the schedule annexed to his

Pattison v. Wilbur.

petition, a statement that the place of residence of the plaintiffs was in the city of New York, whereas in truth and in fact their place of residence then was, and for a long time had been, in Glasgow, in Scotland; and further, that no written or printed notice that a warrant in bankruptcy had been issued against the estate of the defendant, was served by mail or personally upon the plaintiffs, or either of them, nor did the said plaintiffs, or either of them, have any knowledge of any of the proceedings in bankruptcy relating to the said defendant, or of his discharge therein; to which replication the defendant demurred generally.

*T. A. Jenckes & Gardner*, for the defendant, in support of the demurrer. I. Such impeachment of a discharge could in no event be made by a state court. Bankrupt Act, § 34; *Corey et al.* v. *Ripley*, 4 B. R. 163; *Ocean National Bank* v. *Alcott*, 46 N. Y. 12.

II. Strict accuracy in the preparation of schedules of creditors is not enjoined by § 11 of the Bankrupt Act, and a discharge will nowhere be impeached for omissions and mistakes therein where fraud is not alleged. *Payne & Brother* v. *Able & others*, 4 B. R. 67; *Symonds* v. *Barnes*, 6 B. R. 377; *Humble & Co.* v. *Carson*, 6 B. R. 84; *In re Stetson*, 3 B. R. 179; *Batchelder* v. *Law*, 43 Vt. 662.

*Hayes*, for the plaintiff, *contra*. I. The alleged discharge of the defendant in bankruptcy under the circumstances set forth in the replication, and admitted by the demurrer, is no bar to the present action. The bankrupt court had no jurisdiction over the creditors, the plaintiffs in this case. (*a.*) To give a court jurisdiction, the defendant, or person sought to be affected by any action or proceeding therein, must have had notice of it. The notice may be actual or constructive. The service must be such that it can be proved, or be legally presumed.

But this notice, to be valid, and confer jurisdiction over the thing seized or attached, must be according to law and the admiralty rules. Nailing a monition to the door of a grocery or of a school-house, instead of upon the mast, would not enable an admiralty court to take jurisdiction of a vessel. *Barnes* v. *Moore*, 2 B. R. 174; *Anon.* B. R. Sup. 27; Benedict's Admiralty, 2d edition, § 365.

No person is required to answer in a suit in which process has not been served, or whose property has not been attached. *Bos-*

*well's Lessee* v. *Otis*, 9 How. 350 ; *Biscoff* v. *Wethered*, 9 Wal. 812 ; *Webster* v. *Reid*, 11 How. 460.

A judgment obtained without notice is null and void. *Anderson* v. *Miller*, 4 Blackf. 417 ; *Enos* v. *Smith*, 7 S. & M. 85 ; *Woods, ex parte*, 3 Pike, 52 ; *Evarts* v. *Gove*, 10 Vt. 161 ; *Egleheard* v. *Sutton*, 7 How. Miss. 99 ; *Clarke* v. *Grayson*, 2 Pike, 149.

(*b.*) If the mode of notice to the creditor be prescribed by statute, it must be strictly followed; otherwise, the court has no jurisdiction over him. *Anon.* B. R. Sup. 27 ; *Barnes* v. *Moore*, 2 B. R. 174.

The eleventh section of the Bankrupt Act of 1867 provides in what manner jurisdiction over the creditor may be obtained, viz., by the service of a process or warrant in two ways : *first*, by publication of notices in the newspapers ; *second*, by serving written or printed notices, by mail or personally, on all creditors upon the schedule filed with the debtor's petition, or whose names may be given to him in addition, by the debtor.

In addition, such personal or " other notice must be given to any persons concerned" as the warrant specifies.

For the purpose of giving such notice by the marshal, the debtor is required by the same section to annex to his petition a schedule in which he shall state " the *place of residence of each creditor, if known to the debtor, and if not known, the fact to be so stated.*" *In re Pulver*, B. R. Sup. 11 ; *S. C.* 1 Bt. 381.

The last requirement was evidently for the purpose of enabling the judge or register to " direct other notice to any persons concerned," in the manner he might deem proper.

The notice must be served on foreign creditors, as well as those who reside in the United States. *In re Heys*, B. R. Sup. 5 ; *S. C.* 1 Bt. 333.

It is admitted in this case that the plaintiffs, who were creditors of Wilbur, resided at the time of filing his petition, and for a long time before, in Glasgow, in Scotland ; that their said place of residence was not set forth in the debtor's schedule annexed to his petition ; that he did not set forth that their place of residence was unknown to him; that no written or printed notice, as required, was served by mail or personally on the plaintiffs, or either of them ; and that neither of them had any notice of any of the proceedings in bankruptcy relating to Wilbur, or of his discharge therein.

(c.) There can be no valid judgment against a person not within the jurisdiction of the court rendering it. The court must have jurisdiction, not only of the cause but of the parties. *Tolmie* v. *Thompson*, 2 Pet. 157 ; *United States* v. *Arredondo*, 6 Ibid. 691 ; *Voorhies* v. *Bank of United States*, 10 Ibid. 449 ; *Wilcox* v. *Jackson*, 13 Ibid. 498 ; Story on the Conflict of Laws, § 586 ; *In re Penn et al.* 3 B. R. 145 ; *Bissell* v. *Briggs*, 9 Mass. 462 ; *Gleason* v. *Dodd*, 4 Met. 333.

(d.) A discharge in bankruptcy is a judicial determination of the highest character. Ordinarily judgments and decrees affecting property relate to the enforcement of existing obligations, or to the protection of existing rights. A discharge in bankruptcy not only impairs the obligation of contracts, but annuls all contracts and obligations within the purview of the bankrupt law.

The commencement of proceedings in bankruptcy on the part of the debtor is the commencement of a suit in the District Court by him against his creditors, in which action he is plaintiff and the creditors defendants, the debtor asking the court for a judgment against the defendants, discharging him from his indebtedness to them. *In re Adams*, 2 B. R. 92; *S. C.* 36 How. Pr. 270.

If a defendant in an ordinary action should have notice that a plaintiff is seeking a judicial affirmation of an existing obligation, *a fortiori*, should a party interested in such an obligation have notice that another is seeking to have it judicially annulled.

II. Nothing in the thirty-fourth section of the bankrupt act restricts other courts than the bankrupt court from inquiring into the jurisdiction of the latter, in respect to a debtor's discharge in bankruptcy, or from adjudging the discharge invalid, if it is proved that the court had no jurisdiction.

1. It was not intended by any of the provisions of the bankrupt act that the bankrupt court should pass, in a plenary manner, upon the question whether a particular claim will or will not be released by a discharge. *In re J. H. Kimball*, 2 B. R. 74 ; *S. C.* 2 Bt. 554 ; *In re Rosenberg*, 2 B. R. 81 *In re J. S. Wright*, 2 B. R. 57.

2. The thirty-fourth section provides that a discharge duly granted may be pleaded in bar, and the certificate of discharge shall be conclusive evidence of the fact and regularity of the discharge.

But a discharge granted without jurisdiction is not duly granted and is no discharge. *In re Penn et al.* 3 B. R. 145 ; *In re Goodfellow,* 3 B. R. 114 ; *Barnes* v. *Moore,* 2 B. R. 174.

3. The proviso to the thirty-fourth section was not intended to apply to a case where the question of the jurisdiction of the bankrupt court is raised. At most, it limits the right of a creditor to contest the validity of a discharge in three respects : 1st, he must show that the discharge was fraudulently obtained ; 2d, he must do so within two years ; and 3d, he must do it in the court which granted the discharge.

To show that the discharge was fraudulently obtained, he must confine himself to some one or more of the several acts contained in the twenty-ninth section. But there is nothing in the twenty-ninth section that relates to the *question of jurisdiction.*

4. A construction of the bankrupt act that a creditor was bound by a discharge in a proceeding of which he had no notice nor knowledge, and was limited to two years from the date of the discharge to show that it was invalid, and then only in the court which gave it, might lead to some startling results.

If one creditor, who had no legal notice of the bankrupt proceedings of his debtor, is bound by the result, so would be two, twenty, or indeed all of the creditors if they had no such notice. And if none of the creditors learned of the discharge for two years after it was granted, they could have no redress in any tribunal whatever.

III. A careful examination of the opinions of courts, cited to maintain the propositions that the validity of a discharge for want of jurisdiction of the court granting it cannot be questioned except in that court, and within the time limited in the proviso to the thirty-fourth section of the bankrupt act, shows that such a deduction is unfounded.

IV. The idea that a voluntary proceeding in bankruptcy is in the nature of a proceeding *in rem* is an absurdity. It does not have one of the characteristics of the latter proceeding. Where there is no *res* there can be no attachment nor seizure, and hence no notice nor jurisdiction. Benedict's Admiralty, 2d ed. 365 ; *Barnes* v. *Moore,* 2 B. R. 174.

*Aliter,* what necessity or reason for the notices prescribed in section eleventh of the bankrupt act.

V. The decisions of different courts upon the question of the omission of a creditor's name, or want of notice under the bankrupt act of 1841, are entitled to no weight in the consideration of the act of 1867, because the two acts are wholly different.

POTTER, J. This is an action of debt on judgment, and the defendant pleads a discharge in bankruptcy granted in this Rhode Island District. The plaintiffs reply that although the plaintiffs' names were given as creditors in the list annexed to the petition in bankruptcy, their residence was not stated; nor was it stated that the residence was unknown to the petitioner, but he did state New York city as their residence, whereas they were residents of Glasgow, Scotland, and that no written or printed notice was served personally or by mail on the plaintiffs, nor did the plaintiffs know of the proceedings; to which replication the defendant demurs.

The plaintiffs claim that to give a court jurisdiction, the defendant or person affected must have actual or constructive notice, and that if the notice be prescribed by statute it must be strictly followed; and that otherwise the judgment will be void. And for the mode of notice in this case they refer to section 11 of the Bankrupt Act of 1867, which required publication in the newspapers, and serving written or printed notices by mail or personally; and to carry this out the petitioner is required to file a schedule of his creditors with their residences, if known, and if not known, the fact to be so stated.

If this were the only notice provided for in the act, it has not been complied with. But we have been referred by the defendant's counsel, Mr. Gardner, to authorities holding that the discharge cannot be impeached for any omission unaccompanied with fraud. But it does not seem necessary for us to express any opinion on that in the present case. It is contended by Mr. Jenckes, for the defendant, that the bankrupt act has two objects: first, the application of a bankrupt's property to the payment of his debts, which is the main object of the law; second, the discharge of the honest debtor; but this second object has no necessary connection with the first, and may not be applied for, or may be granted or refused, without at all affecting the validity of the proceedings, to effect the first object.

Sections 11–29 relate entirely to the distribution of the bank-

rupt's property, and have nothing to do with his discharge ; and the notice required by section 11 is for this purpose only, to enable creditors to prove their claims, and has no reference whatever to his discharge.

The court, having jurisdiction over the bankrupt's person and over his property, proceeds to apply it to payment of his debts. And it is important to consider that in this first part of the proceedings the notice is the same in case of voluntary and involuntary bankruptcy. But if the debtor chooses to apply for a discharge, he then becomes the moving party, even if the proceedings were originally commenced by creditors ; and section 29 prescribes the notice to be then given, namely, by mail, to all who have proved their debts, and by publication also, to appear and oppose the discharge. And the order of court (Form No. 51), according to the rules prescribed by the Supreme Court of the United States under the authority given them by the act, is, that notice be published in newspapers " that all creditors who have proved their debts, and all others in interest, may appear at the said time and place, and show cause, if any they have," &c., &c., and also for letters by mail to creditors whose residence is known.

We think this the sound view, and that the notice to be given in the matter now in question is the notice prescribed by section 29, and not the one provided for by section 11.

To give a court jurisdiction, either the property must be within its control, or the party must have his domicil, or be at least temporarily within its control. In case of real property, the *lex rei sitæ* of course prevails. In regard to personal property, while there is some diversity of opinion as to the effect of a bankrupt's assignment upon foreign property, there is none, we believe, in English or American cases, as to the effect upon property situated within the jurisdiction.

In the present case, both parties lived in this country when the contract was made. Here was its place of performance, the real *locus contractus*. 4 Phillimore (2d ed.) § 1670, &c. ; Lawrence's Wheaton on International Law, pp. 178, 284, 290 ; Wharton's Conflict of Laws, §§ 523, 852 *a*. And although the plaintiffs subsequently removed to a foreign country, they have sued that claim in the courts of this country and obtained a judg-

ment on it, in which of course their former claim is merged. And on that judgment the present suit is founded. And the plaintiffs by suing in one court subject themselves to the *lex fori*, and cannot deny here the legal effect of the discharge under our laws. Upon no other principle would a foreign plaintiff suing in our courts be bound by a judgment against him, which we believe has never been doubted. *Penniman* v. *Meigs*, 9 Johns. 325 ; *Murray* v. *De Rotterham*, 6 John. Ch. 52 ; *In the matter of Zarega*, 4 Law Reporter, p. 480 (A. D. 1842).

There being no dispute but that the notice required by section 29 was given, the demurrer must be overruled.

*Demurrer overruled.*