[No. 9,255. Department One.—July 28, 1884.]

JOHN THOMAS, APPELLANT, v. H. J. CROW, RESPONDENT.

INSOLVENCY—DISCHARGE—DEFENSE—NON-RESIDENT CREDITOR.—A discharge in insolvency is a defense to an action upon a promissory note made to a citizen of this State, but indorsed and transferred to a citizen of another State subsequent to the discharge.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*R. M. Widney,* for Appellant.

*Graves & Chapman,* for Respondent.

McKEE, J.—At Los Angeles, the defendant Henry Crow, on the 8th of December, 1877, made and delivered to Thomas A. Garey, two promissory notes, each payable one day after date, "to the order of Thomas A. Garey."

On the 22d of June, 1878, Garey transferred and delivered said notes, without indorsement, to the plaintiff John Thomas, as collateral security for an existing debt. At that time Thomas was, and has since been, a resident of the State of Missouri. On the 5th of December, 1881, Garey indorsed said notes; and on the next day, the plaintiff commenced the action in hand to recover judgment upon them. But on the 5th of March, 1880, the defendant Crow was, by the judgment of the Superior Court of Los Angeles County, rendered in regular proceedings in insolvency, discharged from all his debts and liabilities. Now the question arises, whether the certificate of discharge is available as a defense to the action upon the notes.

The plaintiff's contention is that it is not a bar to the action, because the holder of the notes, at the time of the proceeding in insolvency, was a non-resident of the State, of whose person, as a creditor of the insolvent, the insolvency court in this State had no jurisdiction, and therefore the judgment in insolvency did not affect his claims.

In *Ogden* v. *Saunders,* 12 Wheat. 213, the Supreme Court of the United States held that the insolvent law of a State operates only upon debtors and creditors who are inhabitants of the State; and that the discharge in insolvency of a citizen of the State of New York, under an insolvent law of that State, has no effect upon claims against him, owned and held by a citizen of the State of Kentucky.

Afterwards, however, the Supreme Court of the State of Massachusetts, in the cases of *Scribner* v. *Fisher,* 2 Gray, 43; *Capron* v. *Johnston,* and *Burral* v. *Rice,* 5 Gray, 539, held that

the discharge of an insolvent debtor by the decree of a competent court in Massachusetts was binding upon his creditor, who was the inhabitant of another State, if the contract was to be performed in the State where the debtor resided, and where he obtained his discharge. But the doctrine of those cases was practically overturned by the Supreme Court of the United States in *Baldwin* v. *Hale*, 1 Wall. 223, in which it was held that the non-resident indorsee of a promissory note, made payable in the State of Massachusetts, was not bound by a discharge of the maker from his debts, obtained in a State court in Massachusetts, thus establishing the rule that a State insolvent law does not apply to contracts made within the State, between a citizen of that State and a citizen of another State. (*Kelley* v. *Drury*, 9 Allen, 27; *Stoddard* v. *Harrington*, 100 Mass. 87.)

Still, the rule does not relieve the plaintiff from the effect of the certificate of discharge upon the notes in suit; for they were made in this State by a citizen of the State, payable to a citizen of the State who had not indorsed them before the discharge; therefore the title to them had not passed to the plaintiff at the time of the discharge, and they were the property of the payee and subject to the proceedings in insolvency.

Judgment and order affirmed.

McKinstry, J., and Ross, J., concurred.