[No. 9826.   Department One.—May 5, 1885.]

JAMES RHODES, APPELLANT, *v.* JOSEPH BORDEN, RESPONDENT.

DISCHARGE IN INSOLVENCY—CITIZEN OF ANOTHER STATE.—An action on a promissory note which does not specify a place of payment, and which was executed in this State subsequently to the enactment of the insolvent law, in favor of one who was and continued to be a resident and citizen of another State, is not barred by the discharge of the maker from his debts under that law.

APPEAL from a judgment of the Superior Court of the county of Fresno, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Tupper & Tupper*, for Appellant, cited *Newton* v. *Hagerman*, 10 Sawy. 460, and other cases cited in the opinion of the court.

· *E. D. Edwards*, and *J. R. Webb*, for Respondent.

McKINSTRY, J.— The action is upon promissory notes made by defendant payable to plaintiff, and delivered to the latter's agent in Fresno County; no place of payment specified. At the trial it was shown that the plaintiff, from a date long prior to the making of the notes, had been a citizen and continuously a resident of Alabama. The notes were made subsequently to the enactment of the insolvent law of this State. The only question is whether the discharge of defendant from his debts, under that law, is a bar to the action.

In the year 1812 it was determined by the Supreme Court of New York that discharge under the insolvent law of that State was a bar to a suit brought in the New York courts on a contract wherever made. (*Penniman* v. *Meigs*, 9 Johns. 325.) And in 1816, the Supreme Court of Massachusetts decided that a discharge under the bankrupt law of a State where the contract was made, and of which the debtor was a citizen, was a good bar to an action upon such contract in another State where the creditor resided. (*Blanchard* v. *Russell*, 13 Mass. 1; 7 Am. Dec. 106.)

*Sturges* v. *Crowninshield*, 4 Wheat. 122 (A. D. 1819), concludes all doubt of the proposition that a State insolvent law, as far as it attempts to provide for the discharge of a party, as to future acquisitions of property, from debts contracted previously to the enactment of the law, is unconstitutional, because violative of the obligation of such contracts. It is equally settled that insolvent laws providing for a discharge of debts contracted subsequent to their passage do not violate the obligation of contracts. (*Ogden* v. *Saunders*, 12 Wheat. 213.)

In *Suydam* v. *Broadnax* (A. D. 1840), it was held by the Supreme Court of the United States that the certificate of discharge, under a State insolvent law, cannot be pleaded in bar of an action brought by a citizen of another State in the Circuit Court of the United States. (14 Peters, 67.)

The same court decided in 1857 that the jurisdiction of the courts of the United States over controversies arising between citizens of the United States, cannot be impaired by the laws of the States, which prescribe the modes of redress in their own

courts, or which regulate the distribution of their judicial power. (*Hyde* v. *Stone*, 20 How. 170.)

The decisions in the two cases last referred to seem to have turned on the proposition that the act of Congress to establish the judicial courts of the United States, gives to the Circuit Courts original cognizance of all suits of a civil nature, and the right to a citizen of one State to sue a citizen of another State in such courts; that it was intended to give suitors, having a right to sue in the Circuit Courts, remedies co-extensive with that right; and that the remedies would not be so, if any proceedings under an act of State legislation, to which the plaintiff was not a party, exempting a person of such State from suit, could be pleaded to abate a suit in the Circuit Court. But in *Ogden* v. *Saunders, supra* (A. D. 1827), the action being one brought in the Circuit Court of the United States by a citizen of Kentucky against a citizen of Louisiana, it had been said by the Supreme Court that a certificate of discharge, under an insolvent law of a State, could not be pleaded in bar of an action brought by a citizen of another State "in the courts of the United States, or of any other State than that where the discharge was obtained."

It has been held that a discharge in bankruptcy under the United State statute is a bar to the claims of alien creditors. (*Murray* v. *De Rottenham*, 6 Johns. Ch. 58; *Ruiz* v. *Eickerman*, 7 Am. Dec. 60.)

*Scribner* v. *Fisher*, 2 Gray, 43, was decided by the Supreme Court of Massachusetts in the year 1854. That court was then of the opinion (Metcalf, J., dissenting) that in no case had the Supreme Court of the United States determined that a certificate of discharge, under the insolvent law of a State, was not a bar to an action on a contract, made by a citizen of the State where the discharge was granted with a citizen of another State, who does not prove his claim under those laws, if the contract by its express terms was to be performed in the State where the discharge was obtained.

The action of *Baldwin* v. *Hale*, 1 Wall. 223, was brought in the Circuit Court of the United States, but the opinion does not purports to decide the case upon any question arising out of the special jurisdiction of the federal courts. The Supreme Court of the United States there distinctly held: "Insolvent laws of

one State cannot discharge the contracts of citizens of other States, because they have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other State *voluntarily becomes a party to the proceeding*, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no obligation to appear, and of course there can be no legal default." The case was decided in 1863.

As late as 1868 the Supreme Court of Massachusetts does not seem to have been fully satisfied with all that was said by Mr. Justice Clifford in *Baldwin* v. *Hale.* In *Stoddard* v. *Harrington*, 100 Mass. 87, Hoar, J., speaking for that court, remarked: "The suggestion that the power of a State over the contracts of its citizens is limited by the power to make them parties to the proceedings in insolvency, does not seem to us well founded, because we think that the effect of the insolvent law qualifies the contract from its inception; and the question of the sufficiency of the notice to creditors to make them so far parties as to be bound by these proceedings does not seem to. be one over which the courts of the United States have any peculiar jurisdiction." In that case, it was held that if a contract is made between two citizens of the same State, within the State, one of whom afterwards removes therefrom and becomes a citizen of another State, and the other obtains in the first State, where he continues to reside, a discharge under the insolvent law, which was in force when the contract was made, the discharge is a bar to an action against him on the contract.

The same court, however, recognizes the decisions of the Supreme Court of the United States as of paramount authority, upon a question of this nature, and in 1864 held: "The Supreme Court of the United States having decided that a discharge under the insolvent laws of this commonwealth is no bar to an action upon a promissory note given to a citizen of another State, who has not proved his claim in insolvency, although the note was payable in this commonwealth, this court will adopt and apply the same doctrine." (*Kelley* v. *Drury*, 9 Allen, 27.) The Supreme Court of Vermont, too, understood the judgment in *Baldwin* v. *Hale* as decisive of the question presented in the case now before us. In *Bedell* v. *Scrutin*, 54 Vt. 493, the court said:

"A discharge granted by a State court of insolvency is no bar to the claim of a non-resident creditor (citizen of another State), who does not take part in the insolvency proceedings, or submit himself in any way to the jurisdiction of the insolvency tribunal; nor is the rule affected by the place where the contract is made, or is to be performed, or the *forum* in which it is sought to be enforced."

We are of opinion that we should adopt and enforce the doctrine of *Baldwin* v. *Hale.* In *Thomas* v. *Crow*, 65 Cal. 470, this court recognized the rule there laid down, but held that the defendant was discharged of the particular debt, represented by the promissory note sued on by an indorsee, because the discharge occurred when the note was the property of the payee, who was a citizen of this State, the note having been made and being payable here.

Judgment and order reversed.

McKEE, J., and ROSS, J., concurred.