## GEORGE LEVISTON *v.* THOMAS M. SWAN, G. W. McMURTRY, AND EDWARD McGARY.

JUDGMENT IN FORECLOSURE.—Section two hundred and forty-six of the Practice Act sets forth all the requisites of a judgment in a case of foreclosure. It need only contain a statement of the amount due to the plaintiff, a designation of the defendants who are personally liable for the payment of the debt, and a direction that the mortgaged premises, or so much thereof as may be necessary, be sold according to law, and the proceeds applied to the payment of the expenses of the sale, the costs of the action, and the debt.

DOCKET OF JUDGMENT.—If the Sheriff returns that the amount due the plaintiff has not been fully paid by the sale of the mortgaged property, the Clerk, without further order of the Court, dockets the judgment for the balance due against those defendants who are named in the judgment as personally liable for the debt, upon which docketed judgment a general execution may issue.

AMENDMENT OF JUDGMENT.—Where the judgment first entered was defective in not designating the defendants who were personally liable for the debt, but where the record showed who they were, the Court had the power to amend the judgment, at any time, by adding a clause designating the defendants who were personally liable.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This is an appeal from an order made after final judgment, directing the docketing of a judgment for a deficiency arising upon a Sheriff's sale of mortgaged premises under a decree rendered in the original cause of *George Leviston* v. *Thomas M. Swan, G. W. McMurtry and Edward McGary.*

On the 24th April, 1864, the plaintiff filed his complaint for the foreclosure of a mortgage, in which, among other things, it was averred that defendants Swan and McMurtry, who had made the mortgage, were personally liable for the debt, and that defendant McGary had or claimed some interest in the mortgaged property, which was subsequent and subordinate to plaintiff's mortgage lien thereon. After appearance of the parties, no issue being tendered on the

part of the appellants, the Court rendered a decree on the 24th day of September, directing a sale of the mortgaged premises containing the following clause :

" And it is further ordered and decreed that if the moneys arising from the said sale shall be insufficient to pay the amount so reported due to the plaintiff, with the interests and costs and expenses of sale as aforesaid, that the Sheriff specify the amount of such deficiency in his report of said sale, and that on the coming in and confirmation of said report, the defendant who is personally liable for the payment of the debt secured by the said mortgage pay to the said plaintiff the amount of such deficiency, with interest thereon at the rate of — per cent per month from the date of the last mentioned report, and that the plaintiff have execution therefor."

Upon this decree a sale was had March 9th, 1867, and on the 22d of May the attorney for the plaintiff made a verbal motion and application to the Court, upon which an order was entered directing the docketing of a judgment against the defendants Swan and McMurtry. This was made upon no evidence, affidavit, or otherwise, except the judgment roll and Sheriff's return. This order was duly excepted to by defendants Swan and McMurtry as unauthorized by any judgment, as void for want of any finding or declaration in the decree to support it, and appealed.

*W. S. Wells, for Appellants.*

The decree in this case contains no personal judgment beyond a mere direction to sell and apply the proceeds; it has no force other than upon the coming in and confirmation of the Sheriff's report; then, there may be a judgment and an execution. Here, however, is nothing of the kind. Upon a mere inspection of the return of the Sheriff, a judgment is ordered to be docketed, and execution issued. The decree

61

taken by the plaintiff was merely contingent so far as any deficiency was concerned, and depended upon the confirmation of the sale by the Court. The case is similar to that of *Bank of Rochester* v. *Emerson*, 8 Paige, 116. To the same effect is *Cobb* v. *Thornton*, 8 Howard, P. R., 66; and such a decree as is in question here is authorized by our statutes, and is in fact one of our most common forms so far as sale is concerned. (Practice Act, Sec. 246; *Rowland* v. *Leiby*, 14 Cal. 156; *Chapin* v. *Brodct*, 16 Cal. 403.)

Of course, the plaintiff might have taken a decree in accordance with the express powers given the Court at that time in section two hundred and forty-six of the Practice Act; but, not having done so, and having taken a decree which imposed upon himself the necessity of application to the Court for a final confirmation of the sale, he must abide by it.

*M. A. Wheaton,* for Respondent.

The first point made by appellants is, that "there is no judgment against any party for deficiency, authorized by the terms of said decree."

To this we reply, first, that it was not necessary the decree should authorize such judgment. The authority to enter such judgment comes not from the decree, but from the law itself. (Practice Act, Sec. 246; *Rollins* v. *Forbes*, 10 Cal. 299; *Rowland* v. *Leiby*, 14 Cal. 156; *Englund* v. *Lewis*, 25 Cal. 349; *Taylor* v. *Palmer*, 31 Cal. 249; *Bowers* v. *Crary*, 30 Cal. 623–4.)

The second point made is, ".that said decree does not declare who, if any person, is personally liable on the note and mortgage."

The statute does not require that the decree should state who is personally liable. It is enough if it plainly appear in any part of the record. If the findings show who is personally liable, it is just as good as if inserted in the decree; and where the complaint alleges a fact, and the answer

admits it, it is just the same as if it were a fact found by the Court. (*Fox* v. *Fox*, 25 Cal. 587; *Taylor* v. *Palmer*, 31 Cal. 256–7.)

Sales of real estate, made on the foreclosure of mortgages, are not made here as in New York by Masters in Chancery, but they are conducted the same as sales upon ordinary executions .issued upon judgments at law. (*Kent & Cahoon* v. *Laffan*, 2 Cal. 596; *Grey* v. *Middleton*, 5 Cal. 392; *Harlan* v. *Smith*, 6 Cal. 174.) Hence the New York authorities do not apply.

By the Court, SANDERSON, J. :

The judgment is in conformity with the old chancery practice rather than the system which prevails in this State. All that portion relating to the report of the Sheriff—the confirmation of the sale—who may purchase—the rights of the purchaser pending the time allowed for redemption— the conveyance of the mortgaged premises in case no redemption shall have been made—the delivery of the possession to the purchaser after he has obtained his deed— the mode and place of sale and the docketing of the judgment for any deficiency that may be found to exist after the sale, is not required under our system of practice, and therefore serves no purpose except to incumber the record. Of what the judgment in a foreclosure case shall consist is declared in the two hundred and forty-sixth section of the Practice Act. All that it need or should contain, is a statement of the amount due to the plaintiff—a designation of the defendants who are personally liable for the payment of the debt, and a direction that the mortgaged premises, or so much thereof as may be necessary, be sold according to law and the proceeds applied to the payment of the expenses of the sale, the costs of the action, and the debt. Nothing further is required. All else is ministerial and is expressly regulated by the statute, which is not made clearer or more binding by being copied into the judgment. There is, under

our system, no Master in Chancery—no Master's report—and no confirmation of the sale by the Court. That mode of procedure is wholly foreign to our system. Under our system, the Sheriff is furnished with a certified copy of the judgment. Armed with this process, he proceeds to sell the mortgaged property in the mode and manner, and at the place designated in the Practice Act for the sale of real estate under judicial process, and makes a return of his proceedings as in the case of an execution upon a money judgment. If it appears from his return that the amount due the plaintiff has not been fully paid by the sale, the Clerk then dockets the judgment, for the balance due, against those defendants named in the judgment as being personally liable for the payment of the debt, without any order from the Court.

The judgment in this case, as first entered, was defective in not designating the defendants who were personally liable for the debt; but inasmuch as the record shows who they were, the Court had the power to amend the judgment at any time by adding a clause designating the defendants who were personally liable.

The more regular motion would have been to amend the judgment by supplying the omission which was apparent upon the face of the record, but we consider the course pursued as amounting substantially to the same thing.

Order affirmed.

Mr. Justice SHAFTER did not express an opinion.

