[Sac. No. 354.    Department Two.—September 10, 1897.]

FRANCESCA B. SCAMMAN, Executrix, etc., Appellant, v. A. BONSLETT et al., Respondents.

INSOLVENCY—OPERATION OF INSOLVENT LAWS—CONTRACT WITH CITIZENS OF OTHER STATES.—The insolvent laws of one state have no extraterritorial operation, and cannot discharge contracts with citizens of other states, unless the citizen of another state voluntarily becomes a party to the insolvency proceeding.

ID.—CONTRACT MADE BETWEEN CITIZENS OF CALIFORNIA—REMOVAL OF CREDITOR TO ANOTHER STATE—ACTION IN THIS STATE—VALIDITY OF DISCHARGE. Although, as a general rule, a citizen of another state, who has not become a party to insolvency proceedings in this state, is not bound by such proceedings, or by the discharge therein; yet, where it appears that the debtor and creditor were both citizens of California at the date of the contract, and that the contract was made and is payable in this state, it seems that, in an action brought in this state by the creditor to enforce such contract, a certificate of discharge of the debtor under the insolvent law of this state enacted before the indebtedness accrued. is a valid defense to the action, even though the creditor had become a resident of another state after the making of the contract.

ID.—FORECLOSURE OF MORTGAGE—INSOLVENCY OF MORTGAGOR—COMPLAINT AND DECREE NOT ESTABLISHING PERSONAL LIABILITY—VOID AMENDMENT —ORDER QUASHING EXECUTION—REASONS FOR ORDER IMMATERIAL.—Where

the complaint upon the foreclosure of a mortgage, made between citizens of this state to secure a note made payable therein, averred that the mortgagor had been declared an insolvent, and did not aver that the mortgagee was a nonresident of the state, and did not pray for any judgment for deficiency against the mortgagor, and the complaint failed to make a case entitling the plaintiff to a decree declaring the defendant personally liable, and where the decree omitted to establish any personal liability, an ex parte amendment, made more than seventeen months after the entry of the final decree, establishing the personal liability of the mortgagor, and directing the clerk to docket a deficiency judgment against him, is without jurisdiction and void; and an order quashing executions upon such deficiency judgment must be affirmed, regardless of the reasons upon which the superior court may have based such order.

JUDGMENTS—NOTICE OF MOTION TO AMEND—AMENDMENT WITHOUT NOTICE.— Although a court may at any time, with or without notice, amend a judgment, where the record discloses that the judgment of the court was not correctly given, or where clerical misprisions have occurred, of which the record affords the evidence, yet, when an inspection of the record does not show the error, and resort must be had to evidence aliunde, notice must be given of a motion to amend the judgment to the parties affected thereby; and where an amendment is made to a judgment in matter of substance, whereby it is made to grant relief different from that granted when it was rendered, it is absolutely void as against a party having no notice of the application to amend it.

ID.—TIME FOR AMENDMENT OF JUDGMENT.—A motion to amend a judgment, where the record does not disclose the error, must be made upon notice within six months, except in cases where personal service of summons has not been had, in which cases the court may grant relief within one year after the entry of the judgment.

ID.—LIMITS OF POWER TO AMEND JUDGMENT—REVISION IMPROPER—CHANGE UNAUTHORIZED AT DATE OF ENTRY.—Amendments of judgments can only be allowed for the purpose of making the record conform to the truth, and not for the purpose of revising and changing the judgment; and where the proposed addition is a mere afterthought, and formed no part of the judgment as originally intended and pronounced, it cannot be brought in by way of amendment; and, in the absence of express statutory authority so to do, no court can amend its judgments so as to include in them provisions which it could not have inserted at the date of the original entry of the judgment.

APPEAL from an order of the Superior Court of Butte County quashing and recalling executions. John C. Gray, Judge.

The facts are stated in the opinion.

Freeman & Bates, for Appellant.

W. E. Duncan, Jr., and R. E. Robinson, for Respondent.

SEARLS, C.—About November 20, 1894, Francesca B. Scamman, as executrix of the last will of Henry Scamman, deceased, brought an action in the superior court in and for the county of Butte to foreclose a mortgage executed by A. Bonslett, August 1, 1889, to secure the payment of his promissory note for eight thousand five hundred dollars of even date, payable five years after date, with interest made and payable in this state.

The complaint averred that the defendant, A. Bonslett, had been on the ——— day of October, 1894, adjudged and declared to be an insolvent debtor upon his petition filed under the Insolvent Act of 1880, and that E. E. Biggs had been elected, etc., as the assignee of said insolvent, had qualified as such, and that all of the estate of the insolvent had been assigned to him.

That the mortgaged property was insufficient to satisfy the mortgage. The assignee, as well as Bonslett, were made defendants.

The complaint did not pray for a deficiency judgment against Bonslett in case there should be a deficiency after the sale of the mortgaged property.

L. L. Green was also made a defendant upon the ground that he had or claimed some interest in the mortgaged premises. He answered disclaiming any interest.

Defendants Bonslett and Biggs, as assignee, made default, and on January 19, 1895, a decree of foreclosure in the usual form was entered ordering a sale of the property and payment to plaintiff, out of the proceeds of such sale, of the sum of eleven thousand six hundred and eight dollars, besides costs, attorneys' fees, etc. No provision was made in the decree for any deficiency which might remain after sale. The property was sold under the decree, and a return made April 1, 1895, showing a deficiency of seventeen hundred and seventy-three dollars and sixty-five cents.

On the twenty-eighth day of October, 1895, defendant A. Bonslett was, by a decree of the superior court in the insolvency proceedings, discharged from all his debts existing against him on and prior to September 24, 1894, under and by virtue of the Insolvent Act of 1880, excepting only such debts, if any, as are by the said insolvent laws excepted from the operation of a discharge in insolvency.

The petition and schedule in insolvency filed by said defendant described among his debts and liabilities the note and mortgage of Scamman.

On the seventeenth day of September, 1896, the superior court, on motion of plaintiff and without notice to defendant Bonslett, entered two orders in the case, viz:

1. An order amending the decree of foreclosure of January 19, 1895, by adding thereto the following, "and the defendant, A. Bonslett, is declared and adjudged to be the defendant who is personally liable for the sums in this judgment specified, to wit, said sum of eleven thousand six hundred and eight dollars, and interest and costs of suit."

2. An order directing the clerk of the court to docket a deficiency judgment against defendant Bonslett for seventeen hundred and seventy-three dollars and fifty cents, with interest, etc.

Thereafter two executions issued on said deficiency judgment, one to the sheriff of Butte county and the other to the sheriff of Yuba county.

Defendant Bonslett moved the court to set aside the amendments to the decree and for an order quashing the executions, etc., upon a variety of grounds, which we need not specify at length.

On the part of plaintiff the affidavit of S. Davis was admitted showing that from the year 1880 to the date of his death in 1893 Henry Scamman, the mortgagee, was a nonresident of the state of California and a resident and citizen of Saco, in the state of Maine, at which last-named place his family, including the plaintiff herein, have at all times resided. The mortgage described said Henry Scamman as a resident of Downieville, county of Sierra, state of California.

It was admitted that plaintiff never presented any claim, and did not appear in the insolvency proceedings of A. Bonslett.

The court denied the motion to strike out the amendments to the judgment and the order to docket the deficiency judgment, and granted the motion to recall and quash the executions, from which order so recalling and quashing the executions, plaintiff prosecutes this appeal.

1. "Insolvent laws of one state cannot discharge the contracts of citizens of other states, because they have no extraterritorial operation, and consequently the tribunal sitting under them, un-

less in cases where a citizen of such other state voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no legal obligation to appear, and, of course, there can be no legal default." (*Baldwin v. Hale,* 1 Wall. 223; *Rhodes v. Borden,* 67 Cal. 7; *Bedell v. Scruton,* 54 Vt. 493; *Bean v. Loryea,* 81 Cal. 151.)

It follows that if plaintiff's testator was in fact a citizen of another state he was not bound by the insolvency proceedings under the statute of this state.

2. But, notwithstanding the foregoing well-settled proposition, we are at a loss to see upon what grounds the amendment to the decree of September 17, 1896, can be upheld.

If that amendment and the accompanying order directing the docketing of a deficiency judgment against defendant were void, the executions issued thereon should have been quashed, and if the court decided correctly, although basing its action upon erroneous reasoning, its action must be upheld.

A court may at any time render or amend a judgment where the record discloses that the entry on the minutes does not correctly give what was the judgment of the court. (*Morrison v. Dapman,* 3 Cal. 255.)

Any error or defect in a record occurring through acts of omission or commission of the clerk in entering or failing to properly enter of record the judgment or proceedings of the court—in short, what may be termed clerical misprisions—may, the record affording the evidence thereof, be corrected at any time by the court upon its own motion, or on motion of an interested party either with or without notice. Where, however, an inspection of the record does not show the error, and resort must be had to evidence aliunde, courts will require notice to be given of a motion to amend a judgment to the parties to be affected thereby, and a motion for the amendment of a judgment in such last-mentioned case must, under section 473 of the Code of Civil Procedure, be made within six months, except in cases where personal service of summons has not been had, in which cases the court may grant relief within one year after the entry of judgment. (*People v. Greene,* 74 Cal. 400; 5 Am. St. Rep. 448; *Hegeler v. Henckell,* 27 Cal. 495; *Bostwick v. McEvoy,* 62 Cal. 502; *Wharton v. Harlan,* 68 Cal. 422.)

Again, amendments to judgments can only be allowed for the purpose of making the record conform to the truth, not for the purpose of revising and changing the judgment. (Black on Judgments, sec. 156.) The same author adds:

"If, on the other hand, the proposed addition is a mere afterthought, and formed no part of the judgment as originally intended and pronounced, it cannot be brought in by way of amendment."

We may add that, in the absence of express statutory authority so to do, no court can amend its judgments so as to include in them provisions which it could not have inserted at the date of the original entry. How, then, stood the case at the date of the amendment of the judgment?

Plaintiff had brought her action to foreclose, and not only had not asked for any relief except the foreclosure and sale of the mortgaged property, but by the affirmative allegations of her complaint showed that defendant Bonslett had been declared an insolvent, etc., and, having failed to aver that her testator was a citizen of another state, she failed to make a case entitling her to have the court, by its decree, declare said defendant "personally liable for the debt," as provided by section 726 of the Code of Civil Procedure. A deficiency judgment may be docketed by the clerk, when shown to be necessary by the return of the sheriff, but it can only be so docketed against the defendant or defendants declared personally liable by the decree. In a foreclosure suit, where judgment is taken by default, the decree can give no relief beyond that which is demanded in the bill. (*Raun v. Reynolds,* 11 Cal. 15.)

Had the plaintiff asked that defendant Bonslett be declared personally liable, *non constat,* but that he would have answered setting up the insolvency proceedings, and his immunity from personal liability thereunder. But under the complaint it was not necessary for him so to do, as no personal liability was sought to be enforced against him. Had the court included the personal liability clause in the original decree, it would have been erroneous, but we are not prepared to say it would have been void. (*Blondeau v. Snyder,* 95 Cal. 521.)

But when the court waited for over seventeen months after the entry of the final decree, and then without notice to defendant

Bonslett amended the decree, in matter of substance, granting relief different from that asked for or granted originally, we think the amendment was without jurisdiction and void.

Freeman, in his work on Judgments, at section 72 says: "If, however, an amendment is made to a judgment or decree in a matter of substance, whereby it is made to grant relief different from that granted when it was rendered, it is absolutely void as against a party having no notice of the application to thus amend it." (Citing *Swift v. Allen,* 55 Ill. 303.) The amendment being void was sufficient reason for quashing the executions. (*Chipman v. Bowman,* 14 Cal. 157; *Gates v. Lane,* 49 Cal. 266; *Buell v. Buell,* 92 Cal. 393.)

We cannot determine from the record precisely the ground upon which the court below discharged the writs.

The note secured by the mortgage was given and made payable at Gridley, in the state of California, and the mortgage recited, as before stated, that Scamman was a resident of this state.

Among the conclusive presumptions under section 1962 of the Code of Civil Procedure is the following: "The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration."

The court below may have been of opinion that the debtor and creditor, having both been citizens of California at the date of the contract, which was made and payable in this state, in an action brought in the courts of this state to enforce such contract, a certificate of discharge of the debtor under the insolvent law of this state enacted before the indebtedness accrued is a valid defense to the action, even though the creditor had become a citizen of another state, after the making of the contract.

If this was the theory of the court, its conclusion is not without warrant in law. (Freeman on Judgments, sec. 604, and cases there cited.)

Again, as the question of the citizenship of Scamman was one of fact, the court may have concluded as a fact that he remained a citizen of the state of California.

We need not pursue, discuss, or decide these questions, as we are of opinion the amendment to the judgment was void; such

determination is conclusive of the case, and the order appealed from should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.