# RIDGLEY v. ABBOTT QUICKSILVER MINING COMPANY OF ILLINOIS.*

## S. F. Nos. 3966, 3982; February 4, 1905.

### 79 Pac. 833.

**Mortgage Foreclosure—Deficiency Judgment.—**In a Foreclosure Suit, a finding that a certain sum was due and unpaid from defendant to plaintiff, which was not made a part of the judgment, and which was not accompanied by an order for a deficiency judgment, was not an adjudication of personal liability, gave the clerk no authority to docket a deficiency judgment, and confined plaintiff to the mortgaged property alone for the satisfaction of his judgment and costs.[1]

**Mortgage Foreclosure — Deficiency Judgment — Appeal.—**A defendant in a suit to foreclose a mortgage, which had sold all its interest in the property before the suit was brought, and against which no personal or deficiency judgment was rendered, was not aggrieved either by the judgment or by an order allowing plaintiff receiver's costs and fees, in such sense as to entitle it to appeal from either the judgment or the order.

APPEALS from Superior Court, Lake County; George W. Buck, Judge.

Action by Edward Ridgley against the Abbott Quicksilver Mining Company of Illinois. From a judgment for plaintiff, and from an order allowing certain costs and fees, defendant appeals. Dismissed.

Gavin McNab for appellant; William Denman, J. P. Langhorne, Haven & Haven, Page, McCutchen & Knight and E. S. Pillsbury for respondent; Frank M. Stone, pro se.

PER CURIAM.—This is an action to foreclose a mortgage. The defendant, the Abbott Quicksilver Mining Company of Illinois, failed to answer, and judgment by default was entered against it. It brings two appeals—one from the judgment of foreclosure, and one from a subsequent order

---

*Rehearing denied March 6, 1905.

1 Cited with approval in First Nat. Bank of Nome v. Mahoney (N. D.), 135 N. W. 772, where the court says: "The clerk is without authority to include anything in the judgment which is not authorized by the conclusions and order."

allowing certain receiver's costs and fees. A motion is made to dismiss these appeals upon the ground that the appellant is not a party aggrieved.

We think the appeals should be dismissed upon the ground and for the reasons stated. It appears that the appellant had sold all its right, title and interest in the property upon which rested the foreclosed mortgage before the suit was brought. The judgment appealed from ordered a sale of the premises mortgaged, and that the proceeds be applied to the payment of the amounts found to be due from appellant to the plaintiff. There was no personal judgment against appellant, nor was there any order that a judgment be entered for any deficiency left after application of the proceeds of the sale to the debt. To be sure, it was found that a certain sum was due and unpaid from appellant to plaintiff; but this was only a finding, and no part of the subsequent decree or judgment, "and cannot be regarded as an adjudication of personal liability." Without this "adjudication of personal liability" the clerk had no authority to docket a deficiency judgment: Herd v. Tuohy, 133 Cal. 61, 65 Pac. 139, and cases therein cited.

It follows from the foregoing that, the appellant having no interest in the property to be sold and it being impossible to enter any valid deficiency judgment against it on the decree rendered by the court and here appealed from, the plaintiff must look to the mortgaged property alone for satisfaction of his judgment, as well as for the amount allowed him on the subsequent order, and that appellant cannot be held in any way or for any sum by either the judgment or order appealed from. It follows that appellant is in no way aggrieved by said judgment or by said order.

The appeals are dismissed.

SHAW, J.—I concur in the foregoing, and add the following: The code provides that, if the proceeds of the mortgaged property are insufficient to pay the amount due the plaintiff, "judgment must then be docketed by the clerk . . . . against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases in which execution may be issued": Code Civ. Proc., sec. 726. The docketing of a judgment is a proceeding, ministerial in character, which cannot occur until there is a judgment rendered. It is not

the making or giving of a judgment. It is the act of a mere clerk, and it necessarily implies the pre-existence of the judgment to be docketed. In this state the docketing must not only await the rendition of the judgment, but, according to the dircetions of the code, it is to be done after the filing of the judgment-roll, which takes place after the judgment is entered: Code Civ. Proc., sec. 671. The direction in section 726 that a clerk must docket a judgment for the deficiency indicates that there must be an existing judgment of the court declaring, at least, the existence of a personal liability, the amount thereof, and the persons from whom and to whom the same is due. Neither findings, conclusions of law, nor recitals will suffice.