[Civ. No. 1841.    Third Appellate District.—April 24, 1918.]

SAMUEL EWING, Respondent, v. RICHVALE LAND COMPANY (a Corporation), et al., Appellants.

MORTGAGE—ACTION FOR FORECLOSURE—DEFICIENCY JUDGMENT—LIMITA-
TION TO DEFENDANTS PERSONALLY LIABLE FOR DEBT.—In an ac-
tion for the foreclosure of a mortgage, the deficiency judgment con-
templated by section 726 of the Code of Civil Procedure can only be

docketed by the clerk against the defendant or defendant's personally liable for the debt.

Id.—Sufficiency of Judgment—Express Recital of Personal Liability Unnecessary.—In an action for the foreclosure of a mortgage it is not necessary that the judgment should in express terms state that the defendant is personally liable for the debt in order to warrant the docketing of a deficiency judgment against him, if such fact clearly appears from the findings and judgment; and a judgment against defendant in a named sum is equivalent to a judgment that defendant is personally liable for the amount found due and to authorize the entry of a deficiency judgment against him.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. Oscar Goldstein, for Appellants.

James A. McGregor, and Karl C. Partridge, for Respondent.

CHIPMAN, P. J.—This is an appeal by defendant Richvale Land Company from a deficiency judgment entered by the clerk of the superior court on the coming in of the commissioner's return in an action to foreclose a mortgage executed by appellant to plaintiff.

It is alleged in the complaint in the action: That the defendant company executed and delivered to plaintiff two certain promissory notes each for $4,593; that plaintiff is the owner and holder of said promissory notes, neither of which, nor any part thereof except certain interest on one of said notes, has been paid; that to secure payment of said notes defendant company executed and delivered to plaintiff its mortgage on certain described land, describing it, which was duly acknowledged and recorded; that defendant Jones claims some interest in said land, but that such interest is subordinate to said mortgage; that by the terms of said mortgage a reasonable attorney's fee was allowed for the foreclosure, should foreclosure become necessary.

Upon the foregoing averments the prayer of the complaint is: That plaintiff have "judgment against defendant [Richvale Land Company] in the sum of"—stating the amount of each note together with interest thereon; for attorney's

fees in the sum of one thousand dollars; that "said mortgage be foreclosed and that each of said defendants and all persons claiming under them or either of them may be foreclosed of all right . . . and that the usual decree may be made . . . for the sale of said mortgaged premises by the sheriff . . . or by a commissioner to be appointed by said court, and that the proceeds of said sale may be applied to the payment of said note, interest, attorney's fee and costs of suit and sale"; that each of said defendants and all purchasers subsequent to the execution of said mortgage be foreclosed of all, etc., "and that plaintiff may have judgment and execution against the defendant Richvale Land Company, a corporation, for any deficiency which may remain after applying all the proceeds of the sale of said property properly applicable to the satisfaction of the said judgment"; that plaintiff may become the purchaser at such sale.

The rights of defendant Jones are not involved and he does not appeal.

The answer of defendant Richvale Land Company admits all the averments of the complaint except as to attorney's fees, and as to that the denial is that one thousand dollars is a reasonable fee. The cause came on for trial December 21, 1915, and a minute order was made, which stated, among other things: "Matter submitted to the court and the court orders that a decree be entered for the plaintiff of foreclosure and counsel fees at five hundred dollars." On the twenty-fifth day of February, 1916, the court made and entered its decree. It is entitled, "Decree of Foreclosure"; recites that the cause came on to be heard December 21, 1915, both oral and documentary evidence was submitted, and "the court now finds the following facts"; that defendant Richvale Land Company is a corporation duly organized; that it executed and delivered to plaintiff the promissory notes set out in the complaint, and "that the plaintiff ever since has been and still is the owner and holder of said promissory notes and that neither the sum mentioned therein, nor any part thereof, has ever been paid," nor any interest except as stated; that defendant Richvale Land Company executed the mortgage mentioned in the complaint to secure payment of said notes and described the property mortgaged; that said mortgage provided for the payment

of a reasonable attorney's fee, which is found to be five hundred dollars (the finding as to defendant Jones is immaterial).

The findings of fact here end. It is then stated: "It is hereby ordered, adjudged and decreed that a judgment be entered against the defendant Richvale Land Company in the sum of $4,593, with interest at the rate of ten per cent per annum from the first day of March, 1914, and for the sum of $4,593, with interest at the rate of six per cent per annum from the first day of March, 1913, to the first day of March, 1915, and at the rate of ten per cent per annum from the first day of March, 1915. For attorney's fees in the sum of five hundred dollars and for all costs of suit and sale." It is further stated: "That said mortgage be foreclosed and that said defendant Richvale Land Company, a corporation, be foreclosed of all right, claim, or equity of redemption of its interest in said mortgaged premises, or any part thereof, and that John Myers be and he is hereby appointed a commissioner to conduct said sale and apply the proceeds thereof to the payment of said notes, interest, attorney's fees, and costs of suit and sale and that before qualifying as such commissioner, the said John Myers give a bond in the sum of one hundred dollars." The commissioner duly made return of his proceedings, from which it appeared that there was a deficiency of $6,617.30 after disposing of the proceeds of the sale in accordance with the decree. The clerk made the following entry in judgment docket: "Judgment for deficiency of $6,617.30 as shown by commissioner's return of sale."

It will appear from the foregoing that the findings of fact are a part of the decree and that no conclusions of law as such are stated. In the paragraph, immediately following what purport to be findings of fact, is the order and decree. There is no provision in the decree for entering a deficiency judgment.

It is upon this condition of the record that appellant makes the following contentions: "1. Section 726 of the Code of Civil Procedure, providing for foreclosure of mortgages of realty, does not give the clerk power to docket a deficiency judgment unless a judgment is entered adjudicating the defendant personally liable for the debt. 2. The mere recital, preceding the judgment, or as contained in the judg-

ment and decree of the court, that judgment be entered against defendant Richvale Land Company in the amount of the debt sued for, with interest, costs, and counsel fees, is not the entry of a judgment that defendant Richvale Land Company is personally liable for the debt, or permitting a deficiency judgment to be docketed by the clerk against them."

The provision of section 726 touching the question here is as follows: "If it appear from the sheriff's return, or from the commissioner's report, that the proceeds are insufficient, and a balance still remains due, judgment must then be docketed by the clerk in the manner provided in this code for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases in which execution may be issued."

It is undoubtedly true, and the cases all so hold, that the deficiency judgment contemplated by section 726 can only be docketed by the clerk "against the defendant or defendants personally liable for the debt," for such is the express language of the statute. (*Scamman* v. *Bonslett,* 118 Cal. 93, [62 Am. St. Rep. 226, 50 Pac. 272] ; *Herd* v. *Tuohy,* 133 Cal. 55, [65 Pac. 139] ; and among the earlier cases may be cited *Cormerais* v. *Genella,* 22 Cal. 116; *Leviston* v. *Swan,* 33 Cal. 480.) In the case last cited the court stated what is still true, for the forty-sixth section of the Practice Act was substantially the same, so far as concerned the deficiency judgment, as is section 726 as we now have it. The court, speaking of the judgment in a foreclosure case, said: "All that it need or should contain is a statement of the amount due the plaintiff, a designation of the defendants who are personally liable for the payment of the debt, and a direction that the mortgaged premises, or so much thereof as may be necessary, be sold according to law and the proceeds applied to the payment of the expenses of the sale, the cost of the action, and the debt. Nothing further is required. All else is ministerial and is expressly regulated by the statute, which is not made clearer or more binding by being copied into the judgment. . . . Under our system, the sheriff is furnished with a certified copy of the judgment. Armed with this process, he proceeds to sell the mortgaged property in the mode and manner, and at the place designated in the

Practice Act for the sale of real estate under judicial process, and makes return of his proceedings as in a case of an execution upon a money judgment. If it appears from the return that the amount due the plaintiff has not been fully paid by the sale, the clerk then dockets the judgment, for the balance due, against those• defendants named in the judgment as being personally liable for the payment of the debt, without any order from the court.''

*Herd* v. *Tuohy,* 133 Cal. 55, [65 Pac. 139], is relied on by appellant. That was a foreclosure case in which the defendant recovered judgment against the plaintiff for the foreclosure of a mortgage. It was stated by the court in its opinion: ''In the judgment as originally entered, there was no adjudication that the plaintiff was personally liable, or provision for a deficiency judgment against him.'' On an *ex parte* application of defendant's attorneys, the judgment was amended by adding thereto a paragraph adjudging the plaintiff to be personally liable on the mortgage, and that on the commissioner's return of the sale, deficiency judgment should be docketed against him; and accordingly such a judgment was docketed against him. This action was brought to obtain relief against this judgment as amended and the deficiency judgment entered thereon and resulted in a judgment for plaintiff, in effect canceling both judgments. The appeal was from this judgment. Among other points, appellant urged: ''That the complaint does not purport to set forth all of the original decree, and *non constat* that it was sufficient to authorize a deficiency judgment.'' Said the court: ''As to the second point, the complaint purports to set out the whole judgment, but in fact, as appears from the findings, does not do so. But the omitted portions contain no provision for a deficiency judgment; nor is there any adjudication that the plaintiff (then defendant) was personally liable, unless, as claimed by appellant, the following recital may be so considered, viz.: 'That the interest on said note to November 30, 1895, has been paid; that no other part of said note, principal or interest, has been paid; and there is now due and owing to the plaintiff from the defendants John Herd, Jr., and R. Linder on said note the sum of $91,101.85, etc., and that the said defendants John Herd, Jr., and R. Linder are personally liable . . . for said sums so found due from them to plaintiff as aforesaid.'

But this is merely the recital of a fact preceding the actual judgment, and cannot be regarded as an adjudication of personal liability; which alone could authorize the clerk to docket a judgment for deficiency''; citing cases. In that case it will be observed that there was found as fact what amounted to a liability on the part of defendants Herd and Linder, but the finding was not followed by an adjudication of personal liability. In the present case the complaint set out the indebtedness and called for a deficiency judgment. The answer admitted the averments of the complaint. The court, in its findings, found the amount due on the promissory notes to plaintiff from defendant Richvale Land Company and that no part thereof had been paid except certain interest on one of the notes. Upon the findings the court entered judgment against the defendant Richvale Land Company in the sum so found to be due plaintiff. Herein lies the important feature distinguishing it from the case of *Herd* v. *Tuohy* relied upon by defendant. In that case the recital was but a finding of fact and was not followed up, as was done in the present case, by an adjudication and judgment. It was not necessary that the judgment should in express terms state that defendant Richvale Land Company is personally liable for the debt. It is sufficient if from the findings and judgment such fact clearly appears. Judge Sanderson in *Leviston* v. *Swan,* 33 Cal. 480, pointed out all that the judgment need contain. ''All else,'' he said, ''is ministerial and is expressly regulated by the statute which is not made clearer by being copied into the judgment.'' (See *Hooper* v. *McDade,* 1 Cal. App. 733, 739, [82 Pac. 1116].) In *MacNeil* v. *Ward,* 2 Cal. Unrep. Cas. 174, the court said: ''The judgment in this case is not amenable to the criticism of counsel for appellant, that it is erroneous because there is no direction in it that a judgment be docketed for deficiency. In this respect it [the judgment] accords with *Leviston* v. *Swan,* 33 Cal. 480, where the question is considered and correctly determined. The only point in which the judgment seems to be defective is in not expressly adjudging that Ward is personally liable to the plaintiff for the money found to be due. This is inferentially done.'' The court directed that on the going down of the *remittitur,* the judgment be amended, ''inserting the words remedying this defect, and as thus modified, the judg-

ment will stand affirmed.'' The record of the case does not give the form of the judgment, and it may not have except as the court said, ''inferentially'' adjudged that Ward was liable for the debt. Here there is a distinct adjudication and judgment ''against the defendant Richvale Land Company in the sum of,'' etc. It seems to us that this is the equivalent of saying that defendant Richvale Land Company is personally liable to the plaintiff for the money found to be due and is sufficient. By no possibility could there have been a liability other than by defendant company. The statute does not prescribe the form of the judgment. All that it requires is that it shall appear from the judgment that the defendant is personally liable for the debt, and we think that this may appear without in express terms adjudging the defendant to be personally liable. Language used which unmistakably means this should be held to be and, we think, is sufficient.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 20, 1918.