EDMUND D. NOYES *vs.* JULIUS LEVINE.

Kennebec.        Opinion March 25, 1931.

*Harvey D. Eaton*, for plaintiff.
*Ernest L. Goodspeed*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.    This case comes up on exceptions to the grant of a
non-suit at the conclusion of plaintiff's testimony in an action for
trespass on real estate.

Plaintiff testified he owned a parcel of land on the south side of
Chaplin Street in the City of Waterville and that defendant, the
adjoining owner on the west, had an easement of way over a strip
of plaintiff's lot, twenty feet wide, extending southerly as far as
defendant's lot extended and contiguous to defendant's east line.

Plaintiff further testified that for twenty or thirty years before
the bringing of this suit defendant had piled "wood and stuff like

that . . . anything he wanted to" on the strip over which he had only the right of passage.

Against such use of the "passway" plaintiff testified he had made many and ineffectual protests. He testified that defendant claimed to own the land over which plaintiff asserts defendant had only right of passage.

The particular act of trespass complained of in the writ is that on July 7, 1930, defendant deposited on the passageway six cords of cordwood and sawed and split it thereon.

In defense, the general issue was filed, and with it, in brief statement, "That the defendant has for over twenty years, to wit for thirty-nine years, openly, continuously, notoriously, visibly, uninterruptedly, adversely, under a claim of right, and with the acquiescence of the plaintiff or his predecessors in title exercised the right of piling wood, iron and other materials on plaintiff's land as described in plaintiff's writ, and has exercised the right to remove the same from time to time, to saw the wood and do other things in connection with the wood and iron so piled there, and defendant claims a right by prescription to do the acts complained of in plaintiff's writ."

At the conclusion of plaintiff's evidence defendant moved for a non-suit, and it was granted; plaintiff claiming and filing exceptions thereto.

This was error, for one of the essential elements of securing title by prescription is acquiescence on the part of the owner of the servient estate. *Rollins* v. *Blackden*, 112 Me., 459; *Dartnell* v. *Bidwell*, 115 Me., 227.

That absence of acquiescence on the part of the latter may be evidenced by verbal protest alone, see cases cited above and note, 5 A. L. R., 1325, 19 C. J. 883, note 14.

Having set up the defense of title by prescription the burden of proving its several essential elements was on the defendant, and the trial should not have been interrupted as it was.

*Exception sustained.*