EDMUND D. NOYES *vs.* JULIUS LEVINE.

Kennebec.      Opinion, March 3, 1932.

*Harvey D. Eaton,* for plaintiff.
*Goodspeed & Fitzpatrick,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

BARNES, J. At a former hearing reported 130 Me., 151, 154 Atl., 78, exception to order of non-suit at the end of plaintiff's evidence was sustained.

The action is trespass *quare clausum.*

Plaintiff declares that on a lot on the southerly side of Chaplin Street in Waterville, owned by him, about seventy-two feet wide along said street and one hundred ten feet deep, defendant on a certain day did enter and deposit cordwood, which he there sawed and split into stove wood.

Upon a second hearing the case went to a jury on plea of the general issue and brief statement "That the defendant has for over twenty years, to wit, for thirty-nine years, openly, continuously, notoriously, visibly, uninterruptedly, adversely, under a claim of right, and with the acquiescence of the plaintiff or his predecessors in title, exercised the right of piling wood, iron and other materials on plaintiff's land as described in plaintiff's writ, and has exercised the right to remove same from time to time, to saw the wood, and do other things in connection with the wood and iron so piled there, and defendant claims a right by prescription to do the acts complained of in plaintiff's writ."

It appears from the record that the west line of plaintiff's lot and the east line of defendant's are coincident from the street to the south-east corner of defendant's lot, plaintiff's property extending much farther southerly and that over a strip of plaintiff's land twenty feet wide and adjacent to defendant's lot the latter has by grant an easement of way from the street as far southerly as his lot extends.

Defendant's contention that for more than twenty years he had continuously "exercised the right of piling wood, iron and other materials on plaintiff's land as described in plaintiff's writ" was proved to the satisfaction of the jury, together with the acquiescence of plaintiff so that prescriptive right has ripened in defendant.

The verdict was general, and although the acts of defendant, which are alleged to constitute trespass, are declared to have been done only on the twenty feet strip, the verdict, if recorded as the final judgment of the court, may be held to subject each and every

part of the land described in the declaration to uses of the nature complained of at the hands of defendant and his grantees.

The case is here on plaintiff's motion to set the verdict aside.

From a careful consideration of all the testimony we conclude the jury was justified, upon the evidence, in deciding that defendant has the easement claimed, but that such easement is to be strictly limited to the area over which he has by grant a right of way.

As in case of determination of the existence of a right of way, the record of the judgment must show by its wording, logical inference therefrom, or by reference to other records, the termini, route and area subjected to the easement of way, so here there should be record or reference to record to determine with definiteness the exact portion of plaintiff's land that is encumbered.

"The sacred right of property demands that such serious encumbrance (easement of way) upon a man's estate, if established by record, shall be clearly defined by the record memorial." *Crosier* v. *Brown*, 66 W. Va., 273, 66 S. E., 326, 25 L. R. A. (N. S.) 174.

Under the pleadings of record definite bounds might have been given by special verdict of the jury.

Omission of this essential finding can not be cured by amendment of the record.

"Amendments to judgments can only be allowed for the purpose of making the record conform to the truth, not for the purpose of revising and changing the judgment. Black, Judgm. Sec. 156. The same author adds: 'If on the other hand, the proposed addition is a mere afterthought, and formed no part of the judgment as originally intended and pronounced, it can not be brought in by way of amendment.' " *Scamman* v. *Bonslett*, 118 Cal., 93, 50 Pac., 272.

"The power to amend (a judgment) should not be confounded with the power to create. It presupposes an existing record, which is defective by reason of some clerical error or mistake, or the omission of some entry which should have been made during the progress of the case, or by the loss of some document originally filed therein." 15 R. C. L., 673. Errors subject to correction are usually clerical. *Bean* v. *Ayers*, 70 Me., 421-432.

As the pleadings and judgment stand, the verdict is indefinite and does not legally determine the rights of the parties. Injustice would result unless a new trial were ordered. *Nicholson* v. *Railroad Co.*, 100 Me., 342, 346; *Conant* v. *Arsenault*, 118 Me., 281.

*Motion sustained.*