(No. 6775.   September 20, 1940.)

J. L. DONALDSON Appellant, v. ORIN M. HENRY and EUNICE HENRY, His Wife, H. E. SEVERNS and JANE DOE SEVERNS, His Wife, Defendants, and ANNA E. DONALDSON, Plaintiff, Respondents.

[105 Pac. (2d) 731.]

Dunlap & Dunlap, for Appellant.

Scatterday & Scatterday and F. A. Hagelin, for Respondents.

GIVENS, J.—August 24, 1928, respondents Henry and wife, executed and delivered to Anna E. Donaldson a real estate mortgage to secure payment of $1,500. Mr. Henry and wife thereafter sold the property to respondents H. E. Severns and wife who assumed and promised to pay said mortgage debt. Thereafter Mrs. Donaldson foreclosed the mortgage, praying "that the plaintiff have judgment and execution against the defendants Orin M. Henry and H. E. Severns for any deficiency which may remain after applying all the proceeds of the sale of said premises properly applicable to the satisfaction of said judgment. . . . . "

Respondents were personally served and defaulted. The decree of foreclosure recites:

"That there is unpaid and past due on said notes, the principal sum of $1100.00 balance, with interest thereon in the sum of $132.00; that in addition thereto there is justly due, owing and unpaid to the plaintiff from the said defendants the sums of $7.50 for extension of abstract, $2.30 insurance prepaid, deferred construction water assessments.

"That the aggregate of said sums, towit, the sum of $1377.-65, together with the sum of $100.00, adjudged hereby to be, and awarded as a reasonable attorney's fee, an aggregate of $1341.80 is, and constitutes a first and prior lien against all of the following described real estate . . . . (describing it); that such lien arises from that certain mortgage dated August 24, 1928, made, executed and delivered by the said defendants Orin M. Henry and Eunice Henry, his wife to the plaintiff herein covering the said premises and securing the promissory notes aforesaid. . . . .

"That the defendants H. E. Severns and Jane Doe Severns, his wife, claim under, or through the defendants Orin M.

Henry and Eunice Henry, and have assumed and promised to pay the mortgage debt for the benefit of the plaintiff.''

And ordered the sheriff to sell the aforesaid premises, concluding:

''It is further decreed that in event the said premises fail to bring sufficient on the said sheriff's sale to discharge the mortgage debt aforesaid with the costs and expenses of sale, that deficiency judgment be docketed herein in conformity with law and the practice of this court.''

The sheriff's return, September 7, 1933, showed a sale of the premises to one J. L. Donaldson, appellant herein, for the sum of $50, deductions therefrom of fees, commissions and expenses amounting to $31.50 leaving a balance of $18.46 which he credited upon the judgment, and then following the sheriff's signature is this computation:

''Judgment ................................$1,356.80
Interest ..................................... 6.34
Sheriff's Costs .............................. 31.54

Total                                     $1,394.68
Less Bid placed by Purchaser ............... 50.00

Deficiency                                $1,344.68

There is nothing to indicate where this entry was originally made or by whom. The only other reference to a deficiency in the transcript is a copy of the clerk's docket:

"JUDGMENT DOCKET, DISTRICT COURT, CANYON COUNTY, IDAHO

JUDGMENT

| JUDGMENT DEBTOR | JUDGMENT CREDITOR | AMOUNT DOLLARS CTS. | TIME OF ENTRY Month Day Year | Page of Judgment Book |
|---|---|---|---|---|
| Henry, Orin M., Eunice Henry, his wife, H. E. Severns and Jane Doe Severns, his wife. | Anna E. Donaldson | Foreclosure Costs 15 00 | 8 4 33 | 13– 19 |

Satisfaction of Judgment

| Appeal—When Taken Month Day Year | JUDGMENT OF APPELLATE COURT | WHEN ENTERED Month Day Year Remarks |
|---|---|---|

O of S issued 8/8/33
Order staying Execution Satisfied in the amount of
9/12/33 $50. leaving a deficiency of
Order vacated 11/21/33 . $1344.68 as per Sheriff's return of 9/7/33.

J. C. SMITH, Clerk
By B. L. NEWELL Dep

ASSIGNMENT OF THIS INSTRUMENT IS RECORDED ON PAGE 42 BOOK 11 OF ASSIGNMENTS.

J. C. SMITH Ex. Officio Recorder
C. D. SOPER Deputy

Deficiency Judgment declared void & cancelled by Court Order 10-31-39

F. KUEHN, Jr.
By H. FELTON, Dep."

September 12, 1933, the court entered an *ex parte* order staying execution on the deficiency, stating in part as follows:

"and whereas the court entertains grave doubt as to the validity of said Deficiency Judgment, it is ordered that execution of said deficiency judgment be stayed until further order of the Court."

On motion of plaintiff the court in an *ex parte* hearing November 18, 1933, set aside this order staying execution and November 21st issued an order vacating the same. These motions and orders being without notice were a nullity. (*Occidental Life Ins. Co. v. Niendorf,* 55 Ida. 521, 44 Pac. (2d) 1099.)

December 15, 1933, Anna E. Donaldson assigned the deficiency judgment to J. L. Donaldson, appellant herein.

August 26, 1939, after due notice, respondents Severns and wife and Henry and wife filed with the court a motion to vacate the deficiency judgment, reciting among other things:

"4. That said Decree of Foreclosure fails to determine the person or persons who were personally liable for the debt.

"5. That said Decree fails to name the defendants against whom the Deficiency Judgment should be docketed."

October 31, 1939, the court ordered the deficiency judgment vacated and set aside on the ground that said judgment was "void on the face of the judgment roll on the grounds stated in said motion." This appeal was taken from said order.

Present counsel for appellant were not counsel for Mrs. Donaldson at the time of foreclosure.

Section 9–101, I. C. A., provides for foreclosure and sale and that "if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance *against the defendant or defendants personally liable for the debt.*" (Italics added.)

Under such statutory provision the decree originally or after return of sale must determine who is personally liable for the debt and without such an adjudication there is no legal basis for a deficiency judgment. (*Herd v. Tuohy,* 133 Cal. 55, 65 Pac. 139; *Leviston v. Swan,* 33 Cal. 480; *Scammon v. Bonslett,* 118 Cal. 93, 50 Pac. 272, 62 Am. St. 226; *Ewing v. Richvale Land Co.,* 37 Cal. App. 53, 172 Pac. 645; *Ridgley v. Abbott Quicksilver Min. Co.,* 146 Cal. xviii, 79 Pac. 833.) The record in the case at bar contains no deficiency decree of any kind and the decree of foreclosure of the mortgage not only fails to specifically adjudicate a personal liability in express terms but it fails entirely to designate any defendant personally liable or decree anything but a simple foreclosure, without rendering judgment for any amount against anyone. A recital that there is a sum certain "owing and unpaid to the plaintiff from the said defendants" and ordering the foreclosure of the mortgage given to secure the payment thereof, is insufficient. "A decree of foreclosure of a mortgage is in no sense a personal judgment" (*Perkins v. Bundy,* 42 Ida. 560, 565, 247 Pac. 751), and the concluding paragraph of the decree that *"in the event* the said premises fail to bring sufficient on the said sheriff's sale to discharge the mortgage debt aforesaid with the costs and expenses of sale, that deficiency judgment be docketed herein in conformity with law and the practice of this court," adds nothing in support of personal liability. The essential decretal utterances and adjudication as "that the plaintiff have judgment against the defendants ——on said note and mortgage for the sum of $—— . . . . and that the said named —— defendants are *personally* liable therefor. . . . . " and "that if the moneys arising from said sale shall be insufficient to pay the amount so found due to the plaintiff as aforesaid, with costs, expenses of sale and

interest, the Sheriff shall specify the amount of such deficiency and balance due to the plaintiff, in his return of said sale, and that upon the coming in and filing of such return, the Clerk of this Court shall docket a judgment for such balance against the defendants, ———, and that the said last named defendants pay to the plaintiff the amount of such deficiency and judgment, with interest at the rate of ———% per annum from the date of said last mentioned return and judgment, and that the plaintiff have execution therefor,'' are totally lacking.

Appellant cites *Ewing v. Richvale Land Co., supra,* and 18 California Jurisprudence, section 729, pages 495, 496, as sustaining the efficacy of this decree as awarding a deficiency judgment. In the first the findings stated: ''It is hereby ordered, adjudged, and decreed that a judgment be entered against the defendant Richvale Land Company in the sum of $4,593, with interest at the rate of 10 per cent per annum. . . . .''

The text of the second citation states:

''Under the statute a deficiency judgment may be docketed by the clerk only against the defendant or defendants personally liable for the debt. Since the docketing of the judgment is a proceeding ministerial in character, it follows that the judgment must determine who is personally liable for the debt, and that without such an adjudication, the clerk has no authority to docket a deficiency judgment. It is not necessary that the judgment shall in express terms state that the defendant is personally liable for the debt; it being sufficient, it has been said, if the fact clearly appears from the findings and judgment. A judgment is insufficient in this respect where it contains a mere recital of the fact or finding which is not followed by an adjudication of personal liability. But where the recital is followed by a distinct adjudication and judgment against a designated person in a specified amount, there is a sufficient adjudication of personal liability. The personal liability is determined where it is adjudged that the defendant is liable for any money that may be necessary to make up the deficiency between the amount realized on the sale of the property and the mortgage debt.''

The decree herein is thus by these authorities fatally defective.

Reliance is urged on the doctrine of *Joyce v. Murphy Land etc. Co.*, 35 Ida. 549, 208 Pac. 241, that all has been determined that should have been, but we are here left in complete ignorance as against whom any personal judgment was actually rendered. Therein there was no uncertainty as to what was necessarily adjudicated as an underlying concomitant, or against whom the judgment ran. *Vide* page 553 of the Idaho Report.

Nor is the decree aided by the pleadings. Plaintiff Anna E. Donaldson's motion to set aside the stay of execution did not ask that a personal liability be entered against any person and her complaint merely prayed that she "have judgment and execution against the defendants Orin M. Henry and H. E. Severns for any deficiency which may remain."

The conclusion we have reached on this point makes unnecessary a discussion of the other questions presented.

The order sustaining the motion to vacate the deficiency judgment was correct and the judgment is affirmed.

Costs to respondents.

Ailshie, C. J., Budge, Morgan and Holden, JJ., concur.