(No. 7198. October 18, 1944.)

E. L. BROWN, Respondent, v. PRESTON J. DECK, Appellant.

(152 P. (2d) 587.)

A. A. Merrill, for appellant.

Ralph L. Albaugh and Errol H. Hillman, for respondent.

AILSHIE, J.—This action is for recovery of judgment and decree of foreclosure on a note and first mortgage, for taxes and water assessments, with interest at 12%, attorney's fees, costs and disbursements. Answer and cross-complaint was filed by appellant, praying for dismissal of plaintiff's action. Trial was had December 17, 1943, before the court, sitting without a jury. Decree was entered, awarding plaintiff judgment against defendant in the sum of $2545.67 (principal, interest, taxes, water assessments, money expended under the terms of the mortgage, attor-

ney's fees and costs of suit); decreeing that plaintiff be allowed to become a bidder for the land at sheriff's foreclosure sale; that the whole be adjudged a valid lien on defendant's land; that the mortgage be foreclosed and the land be sold; that plaintiff be entitled to a deficiency judgment against defendant for any portion of the judgment not paid by sale, not exceeding the difference between the amount received on sheriff's sale and the sum of $2300, found by the court to be the reasonable value of the mortgaged property, in case the property should sell for less than the amount found due.

November 3, 1917, appellant executed and delivered to the W. I. Brown Real Estate Mortgage Company, a Utah corporation, (hereinafter called the Mortgage Company), a certain First Mortgage Note in writing, promising to pay to the Company the sum of $1300, with interest at 6% per annum, payable semi-annually on November 2d and May 2d of each year, until maturity or default; after maturity or default in payment of interest, at the rate of 12% per annum; the principal sum to be paid five years from date. On the same date as the note, a real estate mortgage, securing the note, was executed and delivered to the Mortgage Company, covering lands owned by appellant and situated in Bonneville county, constituting "one single, indivisible parcel or lot." The mortgage contained a clause, providing that the maker agreed "to pay all taxes and assessments upon said premises or on this mortgage or the debts secured thereby, laid or levied or assessed in Idaho; also personal taxes; also all personal property taxes; also all dues, rents or assessments upon ditch or water rights or water stock," etc.

November 15, 1917, an assignment "in blank" was made of the note and mortgage by the Company; later the name of "E. L. Brown" (respondent) was inserted as assignee and holder of the mortgage. Brown testified that this was done in 1922, "about the time that that extension agreement was made," which was November 21st of that year. It is contended that Brown has since that time been the owner and holder of the same. The assignment of mortgage was filed for record April 30, 1943.

November 21, 1922, by agreement between respondent and appellant, the maturity date of the note was extended until November 3, 1927. Interest payments were made by

appellant on the note as follows: May 23, '38, $60.00; Dec. 1, '41, $24.00, making a total of $84. On account of the failure of appellant to pay taxes for the years 1934, '35, '36, '37, '41, and '42, respondent, May 3, '43, paid taxes covering '34-'37, inclusive, together with penalty and interest payments; that taxes for the years '41 and '42 are delinquent and unpaid. Also, on appellant's failure to pay water assessments levied by the Progressive Irrigation District for the years 1940, '41 and '42, respondent, May 3, '43, paid assessments for 1940, in the sum of $18.41; that the assessments for '41 and '42 are still delinquent and unpaid.

Appellant states seven assignments of error. In his written argument, however, he reduces them to the following questions:

"As we view the case the main questions to be decided by this court are as follows:

A. Did the statutes of limitations run against the plaintiff's cause of action.

B. Was the plaintiff and respondent the owner and holder of the mortgage and note in question.

C. Did the Court have the right to enter a deficiency judgment against appellant."

The answer to Question A, "Did the statutes of limitations run against the plaintiff's cause of action," must be in the negative. It is admitted that two interest payments were made, the last of which was before the statute had run against the debt. It is immaterial as to whether the payment was made on principal or interest; the statute covers both. (Sec. 5-238, I. C. A.) If, as claimed by plaintiff, there was no *interest* due or to be paid, then of course the payment would apply on principal and would still toll the statute.

The next question, "B. Was the plaintiff and respondent the owner and holder of the mortgage and note in question," is answered by the fact, that the plaintiff testified that he was the owner of the note and mortgage at the time the action was commenced and the case was tried, and the court so found. That testimony was also corroborated by the fact, that he had the note and mortgage in his possession and introduced them on the trial. (*Craig v. Palo Alto Stock Farm*, 16 Ida. 701, 102 P. 393; *Home Land Co. v. Osborn*, 19 Ida. 95, 100, 112 P. 764; Secs. 26-1801, 26-305, I. C. A.)

The contention, that the assignment was made *without* interest, is not borne out by the proofs. The assignment on the mortgage note reads as follows:

"FOR VALUE RECEIVED, We, the W. I. Brown Real Estate Mortgage Co. hereby assign and transfer the within note, together with all our interest in and rights under the Mortgage securing the same, to ——————— without recourse."

It will be observed that the assignment reads "all our interest" instead of "without interest."

■ And, lastly, "C. Did the Court have the right to enter a deficiency judgment against appellant." The answer to this question must be in the affirmative.

■ The adoption of chap. 190, 1937 Sess. Laws, and chap. 31 of the '37 Sess. Laws, left chap. 150, 1933 Sess. Laws, in force and effect. (50 Am. Jur., p. 574, sec. 579; *United States v. Philbrick*, 120 U. S. 52, 30 L. ed. 559, 561, 7 Sup. Ct. 413;*Gallegos v. Atchison, T. S. & F. Ry. Co.*, 28 N. M. 472, 214 P. 579, 581; *Baum v. Thoms*, 150 Ind. 378, 50 N. E. 357, 65 Am. St. 368, 373; *Beavan v. Went*, 155 Ill. 592, 31 L. R. A. 85, 107; *Manchester Twp. Supervisors v. Wayne County Commrs.*, 257 Pa. St. 442, 101 Atl. 736, Ann. Cas. 1918B 278 [see note]; *State v. Barney*, (Neb.) 276 N. W. 676, 683. [See, also, sec. 9-101, I. C. A., which was in force and effect at the time of the enactment of chap. 150, 1933 Sess. Laws; *Donaldson v. Henry*, 61 Ida. 634, 105 P. (2d) 731.] )

The judgment should be affirmed, and it is so ordered with costs to respondent.

Holden, C. J., and Budge, Givens, and Dunlap, JJ., concur.