STATE OF MAINE                          SUPERIOR COURT
AROOSTOOK, ss.                          CIVIL ACTION
                                        Docket No. CARSC-RE-2014-81

JASON NADEAU, and          ]
HILDA M. NADEAU,           ]
                Plaintiffs ]
                           ]
        v.                 ]            **ORDER ON MOTION**
                           ]            **FOR NEW TRIAL**
MARK RIOUX, and            ]
KATHY RIOUX,               ]
                           ]
                Defendants ]


Before the court is Defendant's Motion for New Trial. Hearing on the motion was held July 26, 2018. For the following reasons, the motion is denied.


A two-day jury trial was held on Plaintiffs' complaint on June 25 and 26, 2018. The claims tried to the jury included adverse possession, easement by prescription, title by acquiescence, and trespass. Prior to trial, the court invited counsel for the parties to submit proposed jury instructions and verdict forms, which they did. At the conclusion of the evidentiary phase of the trial and prior to instructing the jury, the court prepared a verdict form based on the evidence presented, and also based, in part, on counsels' submissions and input.[1] The parties agreed to the verdict form to be presented and used. The jury was instructed on the law and also instructed on the use of the verdict form. No objections were made at any time.

---

[1] Plaintiff's proposed verdict form referenced an exhibit to be used at trial. Through the course of the trial, Defendant's Exhibit 1 was admitted, on which the area highlighted in yellow was agreed upon as the area in dispute. That area was further defined and limited by agreement of the parties to be the highlighted area that extends from the road to the northeast corner of Defendant's garage. Defendant's Exhibit 1 was used, by agreement and without objection, as a reference in the verdict form.

1

Ultimately the jury returned a verdict for the Defendants on the claims for title by adverse possession, title by acquiescence, and trespass. The jury returned a verdict for the Plaintiffs on the claim for easement by prescription. Specifically, the jury responded "yes" to Questions 3 and 4 in the Verdict Form, by a 6 to 2 vote, to wit:

3. Have the Plaintiffs proven that they have acquired an easement by prescription to use any of the disputed strip of land between the Plaintiffs' real estate and the Defendants' real estate as depicted on the plan/drawing identified as Defendant's Exhibit 1 that extends from the road shown as Route 161 to the northeast corner of Defendant's Garage ?

   Yes _____ 6 X _____ No _____ 2 _____

   If the answer is "No," do not answer Question 4.

4. If your answer to Question #3 is "Yes," is the easement to allow for the removal of snow, and for the water line and drainage pipes?

   Yes ____ 6 X _____ No _____ 2 _____ [2]

Following the jury's verdict, the court entered a Judgment based upon and with language consistent with the Verdict Form. Defendants now move for a Motion for a New Trial pursuant to M.R.Civ.P. Rule 59(a). More specifically, relying upon *Noyes v. Levine,* 131 Me. 88 (1932), Defendants argue that the jury verdict and judgment is indefinite as to the location of the easement, and incapable of being specifically located, and therefore not legally determining of the rights of the parties.

*Noyes v. Levine* is distinguishable from the case at hand. In *Noyes,* the defendant had successfully proved prescriptive rights in plaintiff's land. Although there was evidence and

---

[2] The numbers indicate the jury's vote, 6 voting "yes" and 2 voting "no" on both questions 3 and 4.

testimony of a specific strip of land used by the defendant, the verdict was general and potentially impacted a far greater area of land. *Noyes* 131 Me. at pp. 89-90. The Law Court stated:

> From a careful consideration of all the testimony we conclude the jury was justified, upon the evidence, in deciding that defendant has the easement claimed, but that such easement is to be strictly limited to the area over which he has by grant a right of way.
>
> As in case of determination of the existence of a right of way, the record of the judgment must show by its wording, logical inference therefrom, or by reference to other records, the termini, route and area subjected to the easement of way, so here there should be record or reference to record to determine with definiteness the exact portion of plaintiff's land that is encumbered. *Noyes, p.90.*

In *Noyes,* the Law Court ultimately held that the verdict was indefinite and did not legally determine the rights of the parties, and therefore ruled an injustice would result if a new trial was not ordered. *Noyes,* p. 91.

In the case at hand, the area of land on which Defendants were awarded an easement by prescription is described in both the Verdict Form and Judgment as "..any of the disputed strip of land between the Plaintiffs' real estate and the Defendants' real estate as depicted on the plan/drawing identified as Defendant's Exhibit 1 that extends from the road shown as Route 161 to the northeast corner of Defendant's Garage." Defendant's Exhibit 1 is a survey, on which there is a definite description of the boundary line between the parties' properties. The area in dispute is highlighted in yellow, and the language in the Verdict Form further defines and limits it as that portion of the strip which extends from the road to Plaintiff's garage. Reviewing the survey and its' legend, this strip of land is roughly only 10 feet wide. Unlike in *Noyes,* in this case the piece of land to which an easement by prescription is awarded is determinable with definiteness. Although the exact location of the water line and drainage pipes are not defined, the

3

evidence fully supports the finding that they lay within the area described, and the width of the strip of land described is not inconsistent with that needed for the installation and maintenance of such underground pipes. And the evidence also supports a use of the described strip of land for placement of snow removed from Plaintiffs' driveway, roof and access area to the fuel fill pipe. And importantly, the Verdict Form's language describing the area to be awarded in the event of a judgment in favor of the Defendants was written with the input and agreement of the parties and without objection by counsel.

Accordingly, Defendants' Motion for a New Trial is denied.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: _____, 2018

_____

Justice, Superior Court

4